

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed December 28, 2012**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TIMOTHY ODELL PEARCY and | § | CASE NO. 11-10252-rlj-13 |
| SANDRA FAYE PEARCY, | § | |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| TIMOTHY ODELL PEARCY and | § | |
| SANDRA FAYE PEARCY, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 12-01001 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| DEFENDANT. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves for summary judgment in its favor on the claims made against it by the complaint of the plaintiffs, debtors Timothy and Sandra Pearcy, and the objections of the Pearcys to Wells Fargo's proof of claim filed in the Pearcys' bankruptcy case. The claim objection has been consolidated with this adversary proceeding.

By their claim objection, the Pearcys ask that Wells Fargo's proof of claim be disallowed because it failed to include sufficient documentation to support the claim and, particularly, to prove Wells Fargo's ownership of the note and security that gives rise to the claim. The Pearcys' complaint alleges Wells Fargo's claim is improper because it lacked standing to file the proof of claim. It also charges Wells Fargo with filing a fraudulent proof of claim since it lacked standing to file the claim.

Wells Fargo's summary judgment motion disputes these charges, asserting it holds the note and lien supporting its claim, that the Pearcys admitted the validity of Wells Fargo's claim by including it in their bankruptcy schedules, and that its claim was filed in accordance with the Federal Rules of Bankruptcy Procedure.

The summary judgment evidence submitted by Wells Fargo establishes that Wells Fargo is the holder of the note that provides the basis for its claim in this case. Wells Fargo therefore had standing to file a claim. The debtors admitted such by including Wells Fargo as a secured creditor in their schedules. A debtor's personal knowledge of the identity of its creditors and of the validity of claims by such creditors must be acknowledged. *See In re Davis*, No. 09-42865, 2011 WL 1302222 (Bankr. E.D. Tex. March 31, 2011). The claims reconciliation process should not devolve into a practice of procedural gamesmanship. *See id.* A creditor's failure to include all documents that definitively prove its claim—and thus arguably failing to meet the standards of Rule 3001 of the Federal Rules of Bankruptcy Procedure—does not create a substantive basis for claim disallowance. *See* 11 U.S.C. § 502(b); *see also Davis*, 2011 WL 1302222.

Wells Fargo has standing to prosecute a proof of claim in this bankruptcy case; the other stated basis for disallowance of Wells Fargo's claim—lack of documentation—does not raise a substantive basis for disallowance of the claim. Wells Fargo's summary judgment will be granted.

It is, therefore,

ORDERED that summary judgment is granted in Wells Fargo's favor on all claims made the basis of the debtors' claim objection and complaint.

### End of Memorandum Opinion and Order ###